UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL JONES,

        Plaintiff,

v.                                                    Case No. 18-C-58

JASON ROSETHAL,

        Defendant.

## DECISION AND ORDER

Plaintiff Jermel Jones, an inmate currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. § 1983, alleging that Rosenthal violated his civil rights by using excessive force when he caused an electronic monitoring bracelet to shock Jones. This matter comes before the court on two motions filed by Jones: a motion for appointment of counsel (ECF No. 27) and a motion for a stay (ECF No. 28).

Both motions follow a May 17, 2018 letter from Rosenthal's counsel responding to letters from Jones inquiring about the possibility of a settlement. With regard to the possibility of settlement, the letter from Rosenthal's counsel states: "[I]f you make me a specific offer, I will take that under consideration, and let you know whether setting up a phone call to discuss settlement, or possibly mediation, would be worthwhile." ECF No. 27-1. Jones states that he sent a letter to Rosenthal's counsel on May 20, 2018, articulating his specific settlement offer, as requested. ECF No. 28. Jones now seeks a stay of all proceedings while he discusses the possibility of mediation or settlement with Rosenthal's counsel, and he seeks appointment of counsel to assist him with a possible mediation. ECF Nos. 27, 28.

The motion for a stay will be denied. Unless the parties jointly request a formal referral to mediation, a stay at this preliminary stage of settlement discussions would unnecessarily delay the discovery process and limit the expeditious resolution of this case. *Cf. Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (noting that district court's exercise of discretion to issue stays must, in habeas cases, be consistent with AEDPA's purpose of reducing delays in the execution of criminal sentences). Appointment of counsel at this time would likewise be premature, and the motion for appointment of counsel will therefore also be denied, although that denial is without prejudice. This is a simple, straightforward case, and Jones' attentive filings in this and his other cases shows that he is more than capable of representing his own interests throughout the discovery process. In the event the parties agree to engage in mediation, however, the court will reconsider Jones' request for appointment of counsel.

**IT IS THEREFORE ORDERED** that Jones' motion for appointment of counsel (ECF No. 27) and his motion for a stay (ECF No. 28) are both **DENIED**.

Dated this 24th day of May, 2018.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court